# United States District Court
## Southern District of Florida
### MIAMI DIVISION

**UNITED STATES OF AMERICA**

v.

**KIFAH WAEL JAYYOUSI**

_____

**JUDGMENT IN A CRIMINAL CASE**

**Case Number: 04-60001-CR-COOKE**

USM Number: 39551-039

Counsel For Defendant: William Swor and Marshal Dore Louis
Counsel For The United States: Russell Killinger
Court Reporter: Robin Dispenzieri

The defendant was found guilty on Counts one, two and three of the Indictment.
The defendant is adjudicated guilty of the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18, U.S.C. § 956(a)(1) | Conspiracy to murder, kidnap and maim persons in a foreign country. | November 1, 2001 | 1 |
| 18, U.S.C. § 371 | Conspiracy to provide material support for terrorism. | November 1, 2001 | 2 |
| 18, U.S.C. § 2339A(a) | Material support to terrorists. | November 1, 2001 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
1/22/2008

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

January 22, 2008

DEFENDANT: KIFAH WAEL JAYYOUSI
CASE NUMBER: 04-60001-CR-COOKE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **152 months as to Count 1; 60 months as to Count 2, and; 120 months as to Count 3. All to be served concurrently**.

The Court makes the following recommendations to the Bureau of Prisons:

That the Defendant serve his sentence at FCI Milan, Michigan where his family resides.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

 at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: KIFAH WAEL JAYYOUSI
CASE NUMBER: 04-60001-CR-COOKE

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **20 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KIFAH WAEL JAYYOUSI
CASE NUMBER: 04-60001-CR-COOKE

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

Permissible Search:   The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: KIFAH WAEL JAYYOUSI
CASE NUMBER: 04-60001-CR-COOKE

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$300.00** | $ | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KIFAH WAEL JAYYOUSI
CASE NUMBER: 04-60001-CR-COOKE

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

   A. Lump sum payment of **$300.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

   **U.S. CLERK'S OFFICE**
   **ATTN: FINANCIAL SECTION**
   **301 N. MIAMI AVENUE, ROOM 150**
   **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.